962 F.2d 655
 140 L.R.R.M. (BNA) 2339, 122 Lab.Cas. P 10,211,
15 Employee Benefits Cas. 1415
 Norman SENN, Clemens Kien, Paul Gilmore, et al., Plaintiffs-Appellees,
v.
UNITED DOMINION INDUSTRIES, INCORPORATED, formerly known as
AMCA International Corporation, PST, Incorporated
and Pressed Steel Tank Corporation,
Incorporated, Defendants-Appellants.
 No. 90-3100.
 United States Court of Appeals,
Seventh Circuit.
 May 5, 1992.
Prior Report: 951 F.2d 806.
 
 On Petition for Rehearing with Suggestion for Rehearing En Banc.
 Miriam R. Katzman, Zubrensky, Padden, Graf & Maloney, Milwaukee, Wis., William T. Payne (argued), Schwartz, Steinsapir, Dohrmann & Sommers, Los Angeles, Cal., George Graf, Gillick, Murphy, Wicht & Prachthauser, Brookfield, Wis., for plaintiffs-appellees Norman Senn, Clemens Kien, Paul Gilmore, John Gross and Jack Hudson.
 Kirk D. Messmer, Allan Gunn, Jay G. Swardenski (argued), Matkov, Salzman, Madoff & Gunn, Chicago, Ill., for defendants-appellants United Dominion Industries, Inc., PST, Inc. and Pressed Steel Tank Co., Inc.
 Before BAUER, Chief Judge, CUMMINGS, CUDAHY, POSNER, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION, and KANNE, Circuit Judges, and WILL, Senior District Judge.* Prior report: 7th Cir., 951 F.2d 806.
 COFFEY, Circuit Judge.
 
 
 1
 On consideration of the petition for rehearing and suggestion for rehearing en banc filed in the above-entitled cause by plaintiffs-appellees, a vote of the active members of the Court was requested, and a majority of the active members of the Court have voted to deny a rehearing en banc. All of the judges on the original panel have voted to deny a rehearing. Accordingly,
 
 
 2
 IT IS ORDERED that the aforesaid petition for rehearing and rehearing en banc is hereby, DENIED.
 
 
 3
 CUDAHY, Circuit Judge, with whom CUMMINGS and RIPPLE, Circuit Judges, join, dissenting from the denial of rehearing en banc.
 
 
 4
 With the exception of the 1986-88 labor contract, each of the five agreements here, beginning in 1975, stated simply that the company will "pay the full cost" of retirees' coverage or that coverage "will continue." They did not specify whether coverage would continue for life or merely for the term of the contract. The panel holds, however, that the agreements were unambiguous on the basis of the "default rule in this Circuit"--that "entitlements established by collective bargaining agreements do not survive their expiration or modification." But parties can and often do provide for the vesting of benefits, as the court made clear in Ryan v. Chromalloy American Corp., 877 F.2d 598, 603 (7th Cir.1989). In the case before us, a jury considered the evidence and found overwhelmingly that the parties had intended to create lifetime benefits.
 
 
 5
 Every circuit that has confronted this situation has held that if the contractual language is ambiguous, extrinsic evidence should be considered to determine the parties' intent. See, e.g., United Paperworkers Int'l Union v. Champion Int'l Corp., 908 F.2d 1252, 1260, 1261-62 & n. 12 (5th Cir.1990) (remanding for consideration of extrinsic evidence of intent where agreement "says nothing about the retirees' retirement benefits' ceasing after the agreement terminated"; "this matter must be determined on a contract-by-contract basis"); Smith v. ABS Industries, Inc., 890 F.2d 841, 846-47 (6th Cir.1989) (relying on extrinsic evidence where "this plan could have been more precise"); Anderson v. Alpha Portland Industries, Inc., 836 F.2d 1512, 1517 (8th Cir.1988) (examining extrinsic evidence where contract does not provide for vesting); Bower v. Bunker Hill Co., 725 F.2d 1221, 1223-24 (9th Cir.1984) ("no inference can be drawn from the absence of an expiration date on the retirement insurance documents.... we look to extrinsic evidence").
 
 
 6
 The panel's departure in the case before us is particularly striking, where the contractual language is undeniably ambiguous and where the extrinsic evidence reveals that all the parties intended that the retirees' coverage was for life. The panel's so-called default rule prevents extrinsic evidence from ever being considered by ensuring that such agreements are always "unambiguous": if they do not say "lifetime" or "vested," then benefits necessarily terminate with the contract's termination. Such a departure from settled principles of contract interpretation is unwarranted and presents an important issue for ERISA and labor law. Critical retiree benefits are being placed at risk. This problem has nationwide ramifications and deserves our en banc consideration.
 
 
 
 *
 The Honorable Hubert L. Will, Senior District Judge for the Northern District of Illinois, is sitting by designation